UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JASON FOXWORTH,

                        Petitioner,

— against —

CAMERON LINDSAY,

                        Respondent.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 3 0 2010 ★
BROOKLYN OFFICE

**MEMORANDUM and ORDER**

08-CV-01267 (SLT)

**TOWNES, United States District Judge:**[1]

## INTRODUCTION

*Pro se* petitioner Jason Foxworth ("Petitioner" or "Foxworth") was convicted in the District Court for the Southern District of New York of bank fraud and conspiracy to commit bank fraud. In this petition, he seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Petitioner alleges that his transfer from the Federal Prison Camp in Lewisburg, Pennsylvania ("FPC-Lewisburg"), to the Metropolitan Detention Center in Brooklyn, New York ("MDC-Brooklyn"), was a violation of his due process rights. Petitioner contends that the conditions in the two facilities are vastly unequal in their treatment of prisoners, educational and programming options, and living conditions. He requests that the Court order his reassignment to FPC-Lewisburg. For the reasons set forth below, the petition is denied.

## BACKGROUND

Petitioner was convicted on July 11, 2006, in the District Court for the Southern District of New York of bank fraud and conspiracy to commit bank fraud. He was sentenced on January

---

[1] The Court gratefully acknowledges the assistance of a student intern, Robert Sobelman of Brooklyn Law School, in the preparation of this Memorandum and Order.

1

26, 2007, to a prison term of 70 months and transferred to MDC-Brooklyn on February 20, 2007. Petitioner was subsequently transferred to FCP-Lewisburg, a minimum security prison within the United States Penitentiary in Lewisburg, Pennsylvania. On June 19, 2007, Petitioner was transferred back to MDC-Brooklyn. Petitioner claims that the June 19, 2007, transfer was a violation of his due process rights.

Petitioner filed several requests and appeals with the BOP prior to the instant petition. On July 20, 2007, Petitioner filed an "Inmate Request for Informal Resolution" that listed several complaints about MDC-Brooklyn and contrasted his experience there with that of FCP-Lewisburg. In response, the Federal Bureau of Prisons ("BOP") stated that the designation of the cadre at MDC-Brooklyn, where Petitioner is detained, was changed from low security to minimum security. Petitioner then filed a "Request for Administrative Remedy" on July 31, 2007, restating his objections to the MDC-Brooklyn facility. On August 29, 2007, MDC-Brooklyn Warden Cameron Lindsay rejected Petitioner's claims and stated that "the MDC Brooklyn cadre unit is currently a minimum security designation." (Docket No. 1 at 7.)

Subsequently, Petitioner filed a "Regional Administrative Remedy Appeal" on September 6, 2007, which reiterated his criticisms of the conditions of his incarceration at MDC-Brooklyn in comparison to the FCP-Lewisburg facility. On October 25, 2007, BOP Regional Director D. Scott Dodrill responded by rejecting Petitioner's appeal and explaining that Petitioner's "designation is appropriate as the work cadre at MDC Brooklyn is a minimum security facility." (Docket No. 1 at 10.) Regional Director Dodrill further noted that Petitioner's transfer to MDC-Brooklyn was due to overcrowding at FPC-Lewisburg.

2

Finally, Petitioner filed a "Central Office Administrative Remedy Appeal" on November 6, 2007, arguing that his cadre was improperly designated as a minimum security section. On January 25, 2008, BOP National Inmate Appeals Administrator Harrell Watts responded, reiterating that Petitioner's "cadre unit within [MDC-Brooklyn] was reclassified from low to minimum." (Docket No. 1 at 13.) He added that Petitioner's "designation [is] appropriate and reflective of sound correctional judgment on the part of staff" and stated that "the living conditions and programming opportunities within the institution are acceptable and meet or exceed all standards." *Id.* On March 21, 2008, Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.

## DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). The same standard holds for petitions for federal habeas relief. *See Chang v. United States*, 250 F.3d 79, 86, n. 2 (2d Cir. 2001); *Dunn v. Sears*, 561 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *Charles v. Fischer*, 516 F. Supp. 2d 210, 215 (E.D.N.Y. 2007). As such, Foxworth's petition is to be "interpret[ed] to raise the strongest arguments that [it] suggest[s]." *Brownwell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted).

The government has conceded that Foxworth has exhausted his administrative remedies. Accordingly, the Court will analyze the petition on the merits. Petitioner's claim fails because he does not have a cognizable constitutional claim. The BOP has discretionary authority in directing the place of imprisonment as well as the transfer of federal prisoners. 18 U.S.C. §

3621(b); *see Levine v. Apker*, 455 F.3d 71, 80 (2d Cir. 2006) ("Congress's use of the language 'may designate' in [18 U.S.C. § 3621(b)] seemingly endows the BOP with 'broad discretion.'").

"It is well settled that a prisoner does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another." *Best v. Terrell*, No. 10-CV-738, 2010 WL 662415, at *1 (E.D.N.Y. Feb 22, 2010); *see also Prins v. Coughlin*, 76 F.3d 504, 507 (2d Cir. 1996); *Thomas v. Pearson*, No. 08-CV-246, 2008 WL 4372386, at *1 (S.D. Miss. Sept. 22, 2008). The BOP has "sole discretion" to determine the facility in which a federal prisoner will be incarcerated. *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995). Accordingly, Foxworth is not entitled to the requested relief, and the instant petition must be denied.

## CONCLUSION

For the reasons stated above, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied, and this action is dismissed. The Clerk of Court is directed to close this case. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from a judgment denying the instant petition would not be taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of any appeal.

**SO ORDERED.**

Dated: June 30, 2010
Brooklyn, New York

/SANDRA L. TOWNES
United States District Judge